OPINION
Defendant-appellant, Anthony W. White, appeals a decision of the Butler County Court of Common Pleas denying his motion to withdraw a plea of guilty. We affirm.
On July 2, 1990, appellant pled guilty to and was convicted of the crime of burglary. Prior to sentencing, the trial court released appellant on his own recognizance. Appellant did not appear at his sentencing hearing, however, so a capias was issued for his arrest. Appellant was finally sentenced in February 1997.[1] In March 1997, appellant moved to withdraw his guilty plea and to enter a plea of not guilty or not guilty by reason of insanity. The basis for this postsentence motion appears to have been a statement by appellant's sister that appellant had mental problems and was "not competent to enter a plea of guilty in 1990." The trial court denied the motion without a hearing. This appeal followed.
Appellant states in a single assignment of error that the trial court erred by denying his motion without a hearing. We disagree.
A postsentence motion for withdrawal of a guilty plea will be permitted only where the defendant establishes the existence of manifest injustice. Crim.R. 32.1; State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus; State v. Becker (Feb. 10, 1997), Clermont App. No. CA96-07-057, unreported at 3. It is thus granted only under "extraordinary cases." Smith at 264. A hearing on such a motion is not required "if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn." State v. Blatnik (1984), 17 Ohio App.3d 201, paragraph three of the syllabus.
The trial court is vested with the sound discretion to grant or deny a postsentence motion for withdrawal. In reaching its decision, the trial court has authority to determine the "good faith, credibility and weight of the movant's assertions * * *." Smith, paragraph two of the syllabus. On appeal, an appellate court's review is limited to a determination of whether the trial court abused its discretion. Becker, unreported, at 4.
In this case, the record supports the trial court's decision to deny appellant's motion. The facts on which appellant's motion rests were neither alleged by appellant, nor accepted as true by the trial court. First, as the trial court noted, allegations of appellant's incompetency came not from appellant, but from "a woman who identified herself as the Defendant's sister" who apparently contacted defense counsel with the information that appellant was not competent when he entered his guilty plea.
In addition, the trial court did not accept appellant's mental incompetency as true. To the contrary, the trial court wrote in its decision:
 The documents in the Court file all indicated that in 1990 the Defendant was fully advised of all of his rights with regard to the plea and chose to proceed at that time. There is nothing in the file from that time from either the Defendant or his attorney indicating or suggesting incompetency.
Appellant's long delay in raising this issue also raises questions about the validity of his claim. As the trial court observed, from July 1990 until March 1997 appellant filed other motions before the trial court, but never previously asserted that he was incompetent when he pled guilty. "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Smith, paragraph three of the syllabus. In light of the foregoing, we find no abuse of discretion by the trial court. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Apparently, appellant moved to Kentucky shortly after he was convicted on the charges underlying this case, and was incarcerated in Kentucky as of April 1991.